UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WASHEETA WILEY, et al., <br><br>　　　　　Plaintiffs, <br><br>　　v. <br><br>HEALTH SERVICES MEDIA, INC., et al., <br><br>　　　　　Defendants. | Case No. 18-cv-06680-SK <br><br>**SETTLEMENT AGREEMENT AND STIPULATED JUDGMENT** <br><br>Regarding Docket No. 49 |

## CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE

This Confidential Settlement Agreement and Release ("Agreement") is made by and between Washeeta Wiley, an individual, Stephanie Shortridge, an individual, and Steven Foster, an individual (collectively "Employees") and Brandon Blum ("Blum") and Health Services Media, Inc. (the "Company") (collectively referred to as the "Parties" or individually referred to as a "Party").

## RECITALS

WHEREAS there was filed in the Northern District of California, a class and collective action entitled *Washeeta Wiley, et al. v. Health Services Media, Inc.,* Case No. 3:18-cv-06680-SK (the "Action"), wherein Employees alleged claims against the Company and Blum for various wage and hour violations and violation of the California Unfair Competition Law and the Fair Labor Standards Act.

WHEREAS Employees have been represented in the Action by Hoyer & Hicks ("Employees' Attorneys"), and they have been advised by their attorneys with respect to the terms of this Agreement;

WHEREAS the Company and Blum deny any liability to Employees for the matters alleged in the Action and assert that all of its conduct was justified, reasonable, and in good faith;

WHEREAS it is in the interests of the Parties to resolve the Action efficiently, informally, finally, without the costs and expenditures associated with protracted litigation proceedings, and by means of and subject to the terms of this Agreement;

WHEREAS the Parties acknowledge that maintaining strict confidentiality of each and every term of this Agreement is a material term of this Agreement, and that the Company and Blum would not have entered into this Agreement but for this term of strict confidentiality; and

WHEREAS the Parties agree and acknowledge that this CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE becomes effective only upon fulfillment of all conditions of this Agreement and only upon fulfillment of all conditions necessary to a satisfactory resolution of the Action;

THEREFORE, in acknowledgment of these recitals, in consideration for the promises set forth below, and in settlement of any and all claims and causes of action based upon, arising out of or related to the Action, the Parties agree as follows:

1. **MONETARY PAYMENT**

    A.   In consideration for Employees' execution of this Agreement and release of all claims as detailed herein, and in full and final settlement of their individual claims advanced in the Action, and any and all individual claims arising out of or related to Employees' employment with the Company up to the effective date of this Agreement, the Company shall pay the gross amount of fifty-two thousand Dollars and No Cents ($52,000). The settlement proceeds shall be disbursed to Employees on the following schedule in the form of ACH Payments to Hoyer & Hicks for Employees' Attorneys' and via direct deposit paychecks characterized as wages with tax withholdings for Employees:

    The first payment of $6,000 will be made via ACH Payment to Employees' Counsel and via direct deposit to Employees within two days of receipt of a copy of this Agreement executed

by Employees and Employees' Attorneys;

Thereafter, on the first day of each month via ACH Payment to Employees' Counsel and via direct deposit to each of the Employees for the following eighteen months, Company will make a payment in the amount of $2,555.56.

The amounts of each payment are to be distributed as follows:

| Payment | Total | HH (1099) | Wiley (Wages) | Shortridge (Wages) | Foster (Wages) |
|---|---|---|---|---|---|
| 1 | $ 6,000.00 | $ 2,356.17 | $ 1,214.61 | $ 1,214.61 | $ 1,214.61 |
| 2 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 3 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 4 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 5 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 6 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 7 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 8 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 9 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 10 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 11 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 12 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 13 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 14 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 15 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 16 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 17 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 18 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |
| 19 | $ 2,555.56 | $ 1,003.56 | $ 517.33 | $ 517.33 | $ 517.33 |

| Total | $ 52,000.08 | $ 20,420.17 | $ 10,526.64 | $ 10,526.64 | $ 10,526.64 |

B. The Parties agree that this Agreement shall become effective only upon completion of all conditions set forth in this Agreement.

C. Each party agrees to bear their own costs and attorney's fees incurred in the prosecution and defense of the Action subject to the section K below regarding the stipulated judgment to be entered in the event of a default.

D. Employees and their attorneys agree the payment of the amount indicated in Paragraph 1A, herein, is inclusive of all of Employees' attorney fees and costs in this Action. Employees will be solely and wholly responsible for payment of any fees due their attorneys, and they will not look to the Company to pay any portion of any attorney's fees and/or costs, except in the event of default and enforcement of the attached stipulated judgment discussed in section K below.

E. Employees agree that in the event any taxing authority determines taxes, penalties, or interest to be due and owing with respect to any monies respectively received by them as described in Paragraph 1A, herein, that they are solely responsible for the payment of those taxes, penalties, and interest owed by them. Employees agree to indemnify and hold the Company and Blum harmless from any failure by Employees to pay any taxes or expenses ultimately determined to be owed by Employees and/or their attorneys.

2. **RELEASES**

A. Employees hereby agree and forever discharge and release all Defendants in the Action and their past, present and future attorneys, agents, representatives, employees, managers, supervisors, officers and directors, also including but not limited to its partners, affiliates, insurance carriers, subsidiaries, parents, related corporations, predecessors in interest, successors in interest, insurers, assignees and each of them, and the heirs, executors, trustees, administrators, successors in interest and assignees of any such persons and entities (hereinafter "the Company's

4

Releasees") from any and all claims, demands, causes of action, obligations, damages, liabilities, and judgments, whether or not known, suspected or claimed, which Employees ever had, now has or may hereafter claim to have had, as of or prior to the date of this Agreement, arising directly or indirectly out of, or in any way connected with, based upon, or related to the facts giving rise to the Action, or to any allegations, transactions, series of transactions or matters which in any way arise out of their employment with the Company. Any class, collective or representative claims based on the conduct of the Company toward any person other than the Employees will necessarily not be released, and those claims will be dismissed without prejudice upon completion of all payments.

The Company hereby agrees and forever discharges and releases the Employees and their past, present and future attorneys, agents and representatives ("Employees Releasees") from any and all claims, demands, causes of action, obligations, damages, liabilities, and judgments, whether or not known, suspected or claimed, which the Company ever had, now has or may hereafter claim to have had against the Employees Releasees, as of or prior to the date of this Agreement, arising directly or indirectly out of, or in any way connected with, based upon, or related to the facts giving rise to the Civil Action, or to any allegations, transactions, series of transactions or matters which in any way arise out of their employment with the Company.

This Agreement and Release includes, but is not limited to, any and all claims, demands, causes of action, obligations, damages, liabilities, and judgments of any and every kind that the parties may now have, or has ever had, against any person or entity released herein, whether arising out of any claims relating to civil rights (e.g., employment discrimination on the basis of race, color, religion, age, disability, national origin, ancestry and/or retaliation, wrongful termination in violation of public policy, and Title VII of the Civil Rights Act of 1964, the California Fair Employment and Housing Act or any other federal law, state law, local law, regulation or order. However, this Agreement is not intended to bar any claims that, by statute, may not be waived, such as claims for workers' compensation benefits, unemployment insurance benefits, and any challenge to the validity of an employees' agreement to resolve claims under the

5

1   Age Discrimination in Employment Act of 1967, as amended.

2       B.      The parties execute and agree to this Agreement and accept the agreed-upon payments and promises above, as a complete compromise of matters involving disputed issues of law and fact, and the Parties fully assume the risks that the facts and the law may be other than he believes.  The Parties agree that the discharge and release provisions in Paragraphs 2A herein shall remain effective notwithstanding any such disputed issue of law or fact.  The Parties expressly waive all claims, demands, obligations, or other causes of action arising out of the incidents which are the subject of this Action which may exist in their favor against the other parties, and which, if known, would materially affect their decision to enter into this Agreement.  The Parties have been fully advised and understand that they may have sustained losses or damages related to the matters released herein which have not manifested themselves and which are presently unknown, and that these losses or damages, whether known or unknown, could increase, and that as a result he could sustain further damages.  Nevertheless, Employees desire to forever and fully release and discharge the Company Releasees, and the Company desires to forever and fully release and discharge the Employees Releasees.  The Parties therefore waive all rights under California Civil Code § 1542, which provides:

> **A general release does not extend to claims which the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or his settlement with the debtor or released party.**

3.  **DISMISSAL OF THE ACTION**

    A.      Employees agree to dismiss with prejudice, except any claims asserted on a class, collective, and/or representative basis on behalf of any others similarly situated and/or the state of California, which will be dismissed without prejudice, any and all individual complaints and/or charges they may have filed with third-parties against the Company, and all causes of action arising therefrom, and authorizes and directs their attorneys to execute a dismissal of any such action, claims and/or causes of action.

6

B.      Employees will file a Request for Dismissal of all class, representative, and collective claims without prejudice upon receipt of the first payments. Employees will file a Request for Dismissal of the entire action with prejudice after all of the settlement payments described in 1A herein have been made to Employees and their Counsel.  Employees will deliver to the Company and Blum a copy of the court-endorsed Request for Dismissal.

C.      Employees agree that they will use their best efforts to take any and all actions necessary to ensure that any administrative charge is dismissed and/or not pursued on their behalf based on allegations of conduct they suffered by any local, state or federal agency, or with any court or arbitral entity.

4.     **OTHER TERMS**

A.      Employees represent and covenant that, other than the Action (which they will cause to be dismissed in its entirety with prejudice, except any class, collective, and/or representative claims asserted on behalf of any other employees and/or the State of California, which will necessarily be dismissed without prejudice), they have not filed, initiated, nor caused to be filed or initiated, any civil claims against the Company or Blum before any local, state or federal agency, or with any court or arbitral entity.

B.      Employees represent and warrant that there is no action or other proceeding currently pending regarding any claim, demand, cause of action, obligation, damage or liability of which they are aware which has not been released by this Agreement.

C.      Employees and their attorneys specifically agree that the settlement of the Action and the terms of this Agreement are to be, and will be, maintained in a private and confidential manner and specifically agree not to publicize, circulate, discuss, or disclose to any person, entity, organization or public news media, directly or indirectly, in whole or in part, the settlement of the Action, and this Agreement, or any of its terms, including but not limited to the settlement amount or whether such settlement was favorable or unfavorable, or any Company document or company information produced or obtained in this Action, except as required by law, including the required Notice of Settlement with the Court, or otherwise described in this Agreement.

7

D.  The confidentiality agreement set forth herein is a <u>material</u> term of the Agreement, but for which the Agreement would not have been entered into by the Company.  Employees and their attorneys specifically agree that any communications with anyone about the status of any claims, potential claims, disputes, or the like, between Employees and the Company will be limited to a statement that the matter has been "resolved confidentially."

Employees and their attorneys are permitted to make all necessary disclosures of any of the terms of the Agreement to their respective tax preparers, retained attorneys, accountants, financial advisors, spouses, adult children or pursuant to a Court order.  Employees and their attorneys will advise any such person of the existence of the strict confidentiality provisions of the Agreement.

Employees agree not to make, issue, endorse, publicize, or circulate to any person or entity statements or remarks that can reasonably be construed as disparaging to the Company, including its officers, directors, attorneys, agents, employees, assigns, parent company, subsidiaries, affiliated companies and successors, or any aspect of its operations, concerning any matter related to his employment up to the effective date of this Agreement.

E.  Employees agree to refrain from any defamation, libel, slander of the Company or any of the Releasees, or from making any disparaging statements about the Company or any of the Releasees, including without limitation, the business, products, intellectual property, financial standing, future, or employment, compensation, or benefits practices of the Company.

F.  Employees warrant that no promise, inducement or agreement not expressed herein has been made to him in connection with this Agreement and that this Agreement constitutes the entire agreement.  Employees acknowledge and agree that they have entered into this Agreement knowingly, freely and voluntarily.

G.  This Agreement shall be deemed to have been entered into in the State of California and shall in all respects be interpreted, enforced, and governed under the laws of the State of California as applied to contracts made and to be performed entirely within California.

H.     Any provisions of Evidence Code §§ 1115-1128 notwithstanding, the parties intend that this settlement is binding and enforceable and shall be enforced pursuant to the provisions of Code of Civil Procedure Section 664.6.

I.     This Agreement represents the sole and entire agreement among and between the Parties and supersedes all prior agreements, negotiations, discussions, and understandings, whether oral or in writing, among or between the Parties or their respective representatives.  The provisions of this Agreement may be waived, altered, amended or repealed, in whole or in part, only upon the express written consent of all the Parties, and cannot be orally modified.  Any amendment or modification to this Agreement must be in writing, signed by Employees and by an authorized representative of the Company.  No breach of any provision of this Agreement shall be deemed waived, unless the waiver is in writing signed by a duly authorized representative of the waiving party.  Waiver of any one breach shall not be deemed a waiver of any other breach of the same or any other provision of this Agreement.

J.     The parties may execute this Agreement in counterparts which shall, in the aggregate, be signed by all the parties; and each counterpart shall be deemed an original instrument as against the party who has signed it.  An executed signature by facsimile shall have the same force and effect as an originally executed signature.

K.     In the event of a default regarding payment obligations, the Company will have 30 days to cure. After 30-days' written notice to Company and Blum, Employees will have the right to enter the attached stipulated judgment for the amount of $104,000 characterized as unpaid wages less any amounts already paid prior to default plus interest on the total amount owed accrued from the date that the first payment was missed. Employees will be entitled to all attorneys' fees and costs incurred in connection with enforcing the Stipulated Judgment attached hereto.

I HAVE READ THE ABOVE CONFIDENTIAL SETTLEMENT AGREEMENT AND RELEASE BEFORE SIGNING IT AND FULLY UNDERSTAND ITS TERMS.

(Signatures begin on next page)

| | | |
|---|---|---|
| DATED: _____2/12/20_____ | | _____/s/_____ <br> Washeeta Wiley[1] |
| DATED: _____2/11/20_____ | | ____/s/_____ <br> Stephanie Shortridge |
| DATED: _____2/12/20_____ | | ____/s/_____ <br> Steven Foster |
| DATED: _____2/17/20_____ | | ____/s/_____ <br> Brandon Blum <br> Health Services Media, Inc. |
| DATED: _____2/17/20_____ | | ____/s/_____ <br> Brandon Blum |

APPROVED AS TO FORM:

DATED:      2/15/20          HOYER & HICKS

                                           /s/
                             RICHARD A. HOYER

                             HOYER & HICKS
                             Attorneys for Plaintiffs

DATED:         2/18/20       GOODMAN LAW OFFICES

                             _____/s/_____
                             ANDREW GOODMAN
                             Attorneys for Defendants

(Stipulated Judgment Attached)

---

[1] The Court appends a facsimile of the physical signatures provided by the parties on both the settlement agreement and the stipulated judgment for reference as Exhibit A.

10

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

United States District Court
Northern District of California

# **STIPULATED JUDGMENT**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:

1. Plaintiffs Washeeta Wiley, Stephanie Shortridge, and Steven Foster ("Plaintiffs") filed an action against Defendants Health Services Media, Inc. and Brandon Blum ("Defendants") in the Northern District of California entitled *Washeeta Wiley, et al. v. Health Services Media, Inc.,* Case No. 3:18-cv-06680-SK, wherein Plaintiffs asserted claims against the Company for various wage and hour violations and violation of the California Unfair Competition Law and the Fair Labor Standards Act.
2. The parties agreed on a settlement of the Plaintiffs individual (non-class, non-representative, and non-collective claims) memorialized in the settlement agreement to which this Stipulated Judgment is attached (the "Settlement Agreement").
3. The class, collective, and representative claims were dismissed without prejudice, whereas the Plaintiffs individual claims were dismissed with prejudice.
4. This agreement incorporates by reference the terms of the Settlement Agreement to the extent the terms therein are not inconsistent with the terms herein.
5. Pursuant to the settlement agreement, Defendants are required to pay the settlement payments according to the terms of the Settlement Agreement.
6. In the event of a default, Defendants have 30 days to cure. Upon default, Plaintiffs may request that the Court enter this Stipulated Judgment by giving ex parte notice to Defendants and providing the Court evidence of default. This stipulated judgment will then be entered be considered a judgment for wages consistent with the allegations of the Plaintiffs in the above-entitled action. The Court will retain jurisdiction of the matter regarding any enforcement of the settlement and/or this Stipulated Judgment.
7. Upon default, Defendants will jointly owe a total balance of $104,000 characterized as unpaid wages to Plaintiffs, minus any payments previously received by Plaintiffs prior to the default, with interest accruing as of the date the first defaulted payment was owed.
8. Plaintiffs will be entitled to recover all attorneys' fees and costs incurred in enforcing this Stipulated Judgment upon default.

(Signatures begin on next page)

| | |
|---|---|
| DATED: _____2/12/20_____ | _____/s/_____<br>Washeeta Wiley |
| DATED: _____2/11/20_____ | ____/s/_____<br>Stephanie Shortridge |
| DATED: _____2/12/20_____ | ____/s/_____<br>Steven Foster |
| DATED: _____2/17/20_____ | ____/s/_____<br>Brandon Blum<br>Health Services Media, Inc. |
| DATED: _____2/17/20_____ | ____/s/_____<br>Brandon Blum |

APPROVED AS TO FORM:

| | |
|---|---|
| DATED:     2/15/20      | HOYER & HICKS |
| | /s/ |
| | RICHARD A. HOYER |
| | HOYER & HICKS<br>Attorneys for Plaintiffs |
| DATED:       2/18/20_____ | GOODMAN LAW OFFICES |
| | _____/s/_____<br>ANDREW GOODMAN<br>Attorneys for Defendants |

**IT IS SO ORDERED**.

Dated: March 9, 2020

_____
SALLIE KIM
United States Magistrate Judge

13